**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. CR2-06-129** |
| v. | : | **JUDGE ALGENON L. MARBLEY** |
| | : | |
| LANCE K. POULSEN, | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendant Lance K. Poulsen's ("Defendant" or "Poulsen") Motion to Dismiss (no. 685). Poulsen asks this Court to dismiss all charges against him because (1) the Government prejudicially delayed its effort to seek an indictment; (2) the Government withheld exculpatory evidence; and (3) the Government has not pled its indictment with sufficient particularity. For the reasons set forth herein, Poulsen's Motion to Dismiss is **DENIED**.

**II. FACTS**

On November 18, 2002, the Government raided National Century Financial Enterprises, Inc.'s ("NCFE's") offices. Three-and-a-half years later, a grand jury returned a multi-count indictment against Defendant Poulsen and six other NCFE executives. The indictment charged Defendants with, among other things, conspiracy, mail fraud, wire fraud, and securities fraud. These charges stem from Defendants' alleged scheme to defraud investors in NCFE asset-backed securities programs starting in August 1992 and culminating in November 2002.

On July 10, 2007, a grand jury returned a superseding indictment. Defendant Poulsen is

personally charged with conspiracy, securities fraud, wire fraud, money laundering conspiracy, and concealment money laundering.

### III. LAW and ANALYSIS

#### A. Prejudicial Delay in Seeking Indictment

Dismissal for preindictment delay is only warranted if a defendant can show *both* (1) "substantial prejudice to his right to a fair trial" and (2) "that the delay was an intentional device by the government to gain a tactical advantage." *United States v. Greene*, 737 F.2d 572, 574 (6th Cir. 1984); *see also United States v. Lovasco*, 431 U.S. 783, 790 (1977). Even where a material witness has died during a preindictment delay, the defendant must show that the witness had exculpatory evidence that "could not be obtained through other means" to establish actual prejudice. *United States v. Rogers*, 118 F.3d 466, 475 (6th Cir. 1997). Moreover, delay based on investigative efforts does not violate a defendant's Due Process rights even if his defense was "somewhat prejudiced by the lapse of time." *Id*. at 476.

Poulsen argues that the three-and-a-half year delay between the Government raid on NCFE's offices and the May 19, 2006 indictment has made it impossible for him to adequately defend his case. He claims that "critical" witnesses and "key" documents have been lost due to the preindictment delay. Specifically he points to: (1) the death of Hal Pote, an outside director with knowledge about NCFE and a "key member of one of the primary institutions that NCFE relied on for guidance"; (2) the possible[1] deaths of two witnesses, one with knowledge about the early days of NCFE and one who worked on NCFE problem accounts with Defendant Ayers; (3) a class of unidentified witnesses who have forgotten "key facts" or now fear "severe professional

---

[1] Poulsen states that these witnesses have died "on information and belief."

consequences" if they testify; (4) the loss of records stored in the AS-400 software that has been corrupted; (5) the loss of the Jones Day Engagement Letter and related Jones Documents; and (6) the loss of Poulsen's signature stamp and signature stamp log.

The Court finds that Poulsen has failed to meet both prongs of the requisite test for dismissal based on preindictment delay. First, Poulsen has not shown that the missing documents or dead witnesses had exculpatory evidence[2] or that similar evidence could not be obtained by other means. Therefore, he has not demonstrated actual prejudice resulting from the delay. Second, Poulsen has not even attempted to show that the delay was in intentional government ploy to gain tactical advantage. The Government has explained that the delay between its late 2002 raid on NCFE's offices and the mid-2006 indictment was the result of careful and comprehensive investigative processes. The Government points out that during this time it secured the guilty pleas of several former NCFE executives. Given the complexity and magnitude of the alleged fraud in this case, the Court has no reason to doubt the Government's representations. Therefore, Poulsen's motion to dismiss the indictment based on prejudicial preindictment delay is **DENIED**.

---

[2] Poulsen only attempts to demonstrate the exculpatory value of three pieces of lost evidence. First he claims that Hale Pote "would have been in a unique position . . . to support Poulsen's claim that he lacked intent to violate any laws." He does not maintain that Pote would have given exculpatory testimony, however. Next he cryptically claims that the original Jones Day engagement letter "would have supported defenses to be disclosed at trial based upon Mr. Poulsen's perceptions of certain actions of the law firm." The Court fails to see and will not guess how a law firm's engagement letter is exculpatory. Finally, he claims that the Poulsen signature stamp and stamp log are critical to his scienter because the stamp records "show what transactions Mr. Poulsen authorized . . . and which he did not." Even if these items are exculpatory, Poulsen has not shown that he could not obtain comparable evidence through other means.

## B. *Withholding of Exculpatory Evidence from the Grand Jury*

A trial court may dismiss an indictment for certain types of misconduct and irregularities

before the grand jury if the misconduct "substantially influenced the grand jury's decision to

indict". *Bank of Nova Scotia v. United States*, 487 U.S. 250, 257 (1988) (quoting *United States*

*v. Mechanik*, 475 U.S. 66, 78 (1986) (internal quotation marks omitted)); *United States v. Parks*,

278 F. App'x 527, 536 (6th Cir. 2008). However, a district court cannot dismiss an indictment

due to errors in grand jury proceedings unless the defendant was prejudiced by those errors.

*Bank of Nova Scotia*, 487 U.S. at 254-55.

Poulsen asserts that the indictment must be dismissed because the Government may have

withheld exculpatory evidence from the grand jury, [3] but this argument is without merit. The

government has "no judicially enforceable duty to provide a grand jury with exculpatory

evidence." *United States v. Angel*, 355 F.3d 462, 475 (6th Cir. 2004); *United States v. Williams*,

504 U.S. 36, 47 (1992) (same); *United States v. Adamo*, 742 F.2d 927, 936-38 (6th Cir. 1984)

(same). Therefore, it is error for a district court to dismiss an otherwise valid indictment on the

---

[3] Specifically, Poulsen states that he believes that the Government withheld documents
pertaining to civil findings by the United States Securities and Exchange Commission ("SEC")
regarding the involvement of JP Morgan Chase & Co., PriceWaterhouseCoopers LLP, Deloitte &
Touche, LLP, and various rating agencies (Standard & Poor, Fitch, and Mood's) in the NCFE
matter. Poulsen maintains that the SEC documents could show that those parties have admitted
to the SEC that they were negligent or made errors while performing their supervisory and
advisory duties to NCFE.

As those third parties were NCFE's auditors, trustees, law firms, and rating agencies
Poulsen believes that their failure to properly perform their duties combined with his
understandable reliance on their expertise, minimizes any showing of his intent to commit fraud.
Thus he claims that if the grand jury was not informed of the SEC findings, the superseding
indictment is based on incomplete information and must be dismissed.

basis that the government failed to disclose even substantially exculpatory evidence to the grand jury. *Williams*, 504 U.S. at 53-54.[4]

Moreover, the three out-of-circuit cases cited by Poulsen: *United States v. Turner*, no. CR05-355C, 2007 U.S. Dist. LEXIS 24850 (W.D. Wash. Apr. 3, 2007); *United States v. Estepa*, 471 F.2d 1132 (2d Cir. 1972); *United States v. Phillips Petroleum Company*, 435 F.Supp. 610 (N.D. Okla. 1977), do not suggest a different result. First, *Turner* deals with a defendant's motion to compel *Brady* materials and is irrelevant in the context of a motion to dismiss an indictment for failure to disclose exculpatory materials to a grand jury. Similarly, *Estepa* dealt with an indictment dismissed because the prosecution relied on hearsay and is, therefore, unrelated to Poulsen's claim. Finally, *Phillips Petroleum Company* involved an indictment dismissed in part for the prosecutor's failure to disclose exculpatory evidence to the grand jury; this case was not only decided long before the Supreme Court's decision in *Williams*, but also involved multiple abuses of the grand jury process, which factored into that court's ruling. Beyond arguing that the Government should have disclosed the SEC findings to the grand jury, Poulsen has not alleged any other irregularities or abuses of the grand jury process that lead to his indictment. Therefore, Poulsen's motion to dismiss the indictment based on the Government's alleged failure to produce exculpatory materials to the grand jury is **DENIED**.

---

[4] Moreover the Court finds that even if the SEC documents demonstrate that NCFE's auditors and other reviewers admitted negligence in their review of NCFE's operating procedures, this evidence is at best only tenuously exculpatory given the scope of Defendant Poulsen's alleged involvement in NCFE's alleged fraud. Poulsen himself acknowledges that his purported reliance on NCFE's auditors, trustees and other reviewers would not completely insulate him from liability on the securities fraud charges. Therefore, even if (1) the government did withhold the SEC information from the grand jury and (2) it had, which it does not, a duty to disclose them, the Court would still find that the absence of that data did not "substantially influenc[e]" the grand jury's decision to indict as is required for dismissal.

## C. Vagueness and Lack of Particularity in the Indictment

The Sixth Amendment gives a defendant the right to "be informed of the nature and cause of the accusation" against him. U.S. Const. amend VI. To meet this constitutional requirement, an indictment need only (1) "contain the elements of the offense charged and fairly inform[] a defendant" of the charges against him; and (2) enable the defendant to plead double jeopardy in a subsequent proceeding against him. *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Maney*, 226 F.3d 660, 663 (6th Cir. 2000). Under Federal Rule of Criminal Procedure 7(c)(1) an indictment is simply a "plain, concise and definite written statement of the essential facts constituting the offense charged." The indictment may follow the language of the statute violated but must be accompanied by "a statement of the facts and circumstances" sufficient to inform the accused of the specific offense with which he is charged. *Hamling*, 418 U.S. at 117-18. A court uses "common sense construction" when determining whether the indictment sufficiently informed the defendant of the charges against him. *Maney*, 226 F.3d at 663 (quoting *Allen v. United States*, 867 F.2d 969, 971 (6th Cir. 1989).

Poulsen broadly attacks the superseding indictment in this case for lacking adequate factual specificity and detail to allow him to understand the charges against him. Essentially, Poulsen argues that the indictment is fatally vague because the Government failed to lay out, for every step of Poulsen and his co-defendants' alleged scheme to defraud investors, the exact statements and numbers that were misleading, the specific document that contained those statements, and the Governments basis for believing each specific statement or number was false. The Court disagrees.

An indictment need not "expressly set out every action of the defendant which may have contributed to the commission of the crime charged." *United States v. Moree*, 897 F.2d 1329,

-6-

1333 (5th Cir. 1990). Here, the superseding indictment provides sufficient detail of how Poulsen and his co-defendants' scheme operated to defraud NCFE investors and violate securities law. In short, investors purchased NCFE notes based on written terms and conditions that included promises that the investors' money would be used to purchase high quality medical accounts receivable known as "Eligible Receivables." While Defendants promised investors that their money would be used only to purchase Eligible Receivables, they improperly advanced investor money to healthcare providers without purchasing those assets. Investors were defrauded by Defendants false claims that their money had been advanced to purchase Eligible Receivables. Defendants concealed their fraud by several enumerated types of deceptive accounting practices, by falsifying monthly investor reports, and by making false statements to investors. With respect to the securities fraud counts, the indictment includes the date each security was issued, the type of security issued, and the specific defendants responsible for the issuance. Therefore, the Court concludes that the superseding indictment provided Poulsen with sufficient information to apprise him of both the nature of the fraud he is accused of committing and how he perpetrated that fraud.

This conclusion is supported by *United States v. Azad*, 809 F.2d 291, 296 (6th Cir. 1986) (per curiam), on which Poulsen relies. In *Azad*, a group of physicians were indicted under the mail fraud statute for engaging in a scheme to defraud insurer Blue Cross/Blue Shield by providing unnecessary medical services to Blue Cross/Blue Shield subscribers and then seeking reimbursement from the insurance company. Even though the indictment failed to list the particular unnecessary services, the specific patients involved (out of thousands of possible patients), and the role of each defendant in the scheme, the court held that the indictment was sufficiently detailed to survive defendant's motion to dismiss for vagueness because the scheme

-7-

alleged was clear. Similarly in Poulsen's case the scheme alleged is clearly set forth in the

indictment and Poulsen is not entitled to the exhaustive level of detail he demands.[5]

## IV. CONCLUSION

Based on the foregoing analysis, Defendant Poulsen's Motion to Dismiss (no. 685) is **DENIED**.


**IT IS SO ORDERED.**


                                              **s/Algenon L. Marbley**

                                              **ALGENON L. MARBLEY**

                                              **United States District Court Judge**


**DATE: September 22, 2008**

---

[5] In reaching its conclusion that the indictment was not so vague that Poulsen could not prepare for trial the Court notes that there has been expansive discovery in this case, involving the Government's disclosure of roughly 200,000 documents. Moreover, Poulsen has had a preview of the evidence against him based on the trial of his severed co-defendants in February 2008. Finally, in its Response to Poulsen's motion for a bill of particulars (no. 690) the Government identified the exact statements and representations it believes were false as well as the documents and witness testimony supporting those claims.