IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LANCE K. POULSEN,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

CASE NO. 2:13-CV-259; 13-CV-261
CRIM. NO. 2:06-CR-129; 07-CR-209
JUDGE ALGENON L. MARBLEY
MAGISTRATE JUDGE ABEL

## OPINION AND ORDER

On December 18, 2014, the Magistrate Judge recommended denial of Petitioner's *Motion for Partial Summary Judgment. Report and Recommendation*, ECF 1319. Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. ECF 1328. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection*, ECF 1328, is **OVERRULED**. The *Report and Recommendation,* ECF 1319, is **ADOPTED** and **AFFIRMED**. Petitioner's *Motion for Partial Summary Judgment,* ECF 1239, is **DENIED.**

The case involves Petitioner's convictions after a jury trial on conspiracy to commit securities fraud, wire fraud and money laundering in Crim. No. 2:06-CR-129, and his related conviction on obstruction of justice in Crim. No. 2:07-CR-209.[1] Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Petitioner requests summary judgment vacating his convictions on money laundering as invalid under *Cuellar v. United States*, 553 U.S. 550 (2008), and in view of the resulting jury instructions which permitted the jury to convict under a pre-*Cuellar* standard. Petitioner objects to the Magistrate Judge's recommendation of denial of his *Motion*

---

[1] The Court consolidated these cases for review.

*for Partial Summary Judgment. Objections,* ECF 1328. He raises all of the same arguments he previously presented.

Petitioner asserts that the Supreme Court's decision in *Cuellar* requires his money laundering convictions to be vacated and establishes the denial of effective assistance of counsel as a matter of law. He complains that the Magistrate Judge erroneously considered his claim regarding improper jury instructions to be an independent and time-barred claim. Petitioner indicates he intends the issue to be considered to support his claim that he was prejudiced by his attorney's failure to raise an issue under *Cuellar*. ECF 27080-81. Alternatively, Petitioner argues that even if the Court considers the claim as separate from his claim of ineffective assistance of counsel, it relates back to the § 2255 motion and should not be dismissed as time-barred. PageID#

For the reasons detailed in the Magistrate Judge's *Report and Recommendation*, this Court agrees that, to the extent that Petitioner attempts to raise a new and independent claim of the denial of a fair trial based on improper jury instructions, this claim is time-barred. Petitioner did not previously raise the issue. Petitioner asserts in his timely filed § 2255 petition that he was denied effective assistance of counsel "pretrial and trial" based on his attorney's failure to raise *Cuellar*, "a dispositive legal argument." Had counsel done so, Petitioner argues, he would not have been convicted on counts 17, 18-20, and 18 of the Indictment. *Motion to Vacate Sentence*, ECF 1225, PageID# 26005, 260037-38. Petitioner did not suggest, in making such allegation, that the Court need address whether the jury instructions consequently caused prejudice.

That said, Petitioner indicates that he seeks consideration of the claim only as it is relevant under the two-prong test of *Strickland v. Washington*, 446 U.S. 668 (1984). To that

extent, the Court will consider the issue. However, Petitioner's claim regarding improper jury instructions does not necessarily require resolution by this Court. Should the Court determine that *Cuellar* requires Petitioner's money laundering convictions to be vacated, the issue of improper jury instructions will be moot. On the other hand, should the Court determine that *Cuellar* does not apply, again, the jury instructions will not assist Petitioner in establishing the denial of the effective assistance of counsel under the two-prong *Strickland* test.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his *Motion for Partial Summary Judgment* on the basis of a procedural default of his claim regarding application of *Cuellar*. Although Petitioner did not raise this claim on direct appeal, he asserts that he has established cause and prejudice, as a matter of law, based on his claim of ineffective assistance of counsel. Petitioner argues that uncontested facts of record establish these claims, and resolution of the issue requires only the application of law to undisputed facts. Petitioner further argues that the decision of the United States Court of Appeals for the Sixth Circuit reversing convictions of his co-defendants establishes prejudice and the record is without dispute that this Court has not previously addressed the issue regarding application of *Cuellar*.

The Court must grant summary judgment "[i]f movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a), Federal Rules of Civil Procedure. It is the moving party's burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Bahr v. Technical Consumer Products, Inc.*, -- Fed.Appx. --, 2015 WL 527468 (6th Cir. 2015). This Court is not persuaded that Petitioner has met this burden here. As discussed by the Magistrate Judge, application of *Cuellar* to the facts of this case and determination of whether Petitioner has established cause and prejudice for a procedural default based on a claim of

ineffective assistance of counsel requires resolution of material disputed facts.  Petitioner is not entitled to summary judgment on this basis.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.  For the foregoing reasons and for all of the reasons discussed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection*, ECF 1328, is **OVERRULED**.  The *Report and Recommendation,* ECF 1319, is **ADOPTED** and **AFFIRMED**.  Petitioner's M*otion for Partial Summary Judgment*, ECF 1239, is **DENIED**.

**IT IS SO ORDERED.**

<u>s/Algenon L. Marbley</u>
ALGENON L. MARBLEY
United States District Judge