IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LANCE K. POULSEN,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civ. No. 2:13-cv-259
Crim. No. 2:06-cr-00129(1)
Civ. No. 2: 13-cv-00261
Crim. No. 2:07-cr-00209
Judge Marbley
Magistrate Judge King

## OPINION AND ORDER

On May 29, 2015, the Magistrate Judge recommended that these consolidated motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be dismissed. *Report and Recommendation*, ECF No. 1341. This matter is before the Court on Petitioner's objections to that recommendation and on Petitioner's renewed discovery request. *Objection*, ECF No. 1346. Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection*, ECF No. 1346, is **OVERRULED**. The *Report and Recommendation*, ECF No. 1341, is **ADOPTED** and **AFFIRMED**. Petitioner's renewed requests to conduct discovery, for an evidentiary hearing, and for oral argument are **DENIED**.

### Discovery Request

Petitioner renews his prior discovery request, *see* ECF Nos. 1240, 1262, 1263, in connection with his claim of prosecutorial misconduct which, he maintains, resulted in the denial

1

of the effective assistance of counsel and interference with his counsel of choice. He also seeks an evidentiary hearing on these claims. Petitioner acknowledges that "the full array of *known*, problematic prosecutorial conduct" may be determined from the present record, but he contends that discovery is warranted in order to determine whether the prosecution acted in bad faith or with a purposeful intent to deny him the effective assistance of counsel and right to counsel of his choice. O*bjection*, ECF No. 1346, PageID# 27251 (emphasis in the original). Petitioner insists that further development of the facts may establish that he is entitled to relief, particularly in view of the involvement in this case of prosecutors from the Department of Justice, alleged misconduct in other cases, and the cumulative nature of allegedly improper acts on the part of the prosecution. Petitioner again argues, as he did previously, that he has met his burden of establishing good cause for discovery and an evidentiary hearing. The Court disagrees.

Habeas petitioners have no right to automatic discovery. Rule 6 of the Rules Governing Section 2255 Proceedings in the United States District Courts (a judge may authorize discovery for good cause). The Magistrate Judge considered each of Petitioner's specific discovery requests, and clearly articulated the basis for the denial of those requests. *See Order,* ECF No. 1327. The decision of the Magistrate Judge in this regard is neither clearly erroneous nor contrary to law. *See* 28 U.S.C. § 636(b). Petitioner's request for discovery, based on his mere speculation that the government acted in bad faith, amounts to nothing more than a fishing expedition. *See Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004).

*Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997), does not assist Petitioner in this regard. In *Bracy,* the United States Supreme Court held that a petitioner's request for discovery was justified in light of evidence that the trial judge had been "thoroughly steeped in corruption." *Id.* The Supreme Court emphasized that the petitioner in that case had also supported his discovery

2

request with additional evidence lending support to his claim of judicial bias. These are not the circumstances here. Although Petitioner presents specific allegations in support of his claim of prosecutorial misconduct, the record contradicts many of those allegations. Moreover, as the Magistrate Judge concluded, Petitioner's evidence in support of this claim was not sufficient. Under these circumstances, the Court is not persuaded that further development of the facts may demonstrate that Petitioner is entitled to relief on this claim. *See Harris v. Nelson*, 394 U.S. 286, 299 (1969). Neither the involvement of prosecutors from the Department of Justice nor any misconduct that may have occurred in other cases provides evidence that members of the prosecution team in this case acted with the intent to deny petitioner the effective assistance of counsel or counsel of his choice. In sum, and for the reasons detailed by the Magistrate Judge in denying Petitioner's discovery request, *Order*, ECF No. 1327, this Court concludes that Petitioner is not entitled to discovery in these proceedings. Petitioner's renewed request for discovery is **DENIED**.

### Objections

Petitioner contends that the government "employed a series of suspect tactics" depriving him of the effective assistance of counsel and of counsel of his choice. *Objection*, ECF No. 1346, PageID# 27232. Petitioner alleges that the prosecution intimidated attorneys involved in the case, opposed Petitioner's requests for continuances, "ousted" Attorney Thomas Tyack from the case, and provided pre-trial discovery in a manner that denied Petitioner the opportunity for any meaningful review. *Id.* at PageID# 27233. As a result, Petitioner argues, his attorney failed to raise an issue under *Cuellar v. United States*, 553 U.S. 550 (2008). It is significant that Petitioner points to no other instances of inadequate performance of defense counsel.

3

The Magistrate Judge concluded that Petitioner's claims of prosecutorial misconduct and interference with his right to counsel of his choice had been procedurally defaulted because they could have been raised on direct appeal, but were not. Petitioner objects to that conclusion, arguing that the basis for these claims could not have been known to him at the time of trial, because he only gradually realized the effect and context of the government's actions. *Objection*, ECF No. 1346, at PageID# 27235. Because the merits of these claims must be addressed in any event (in order to determine whether Petitioner has established cause and prejudice for any procedural default), the Court will not further address the issue of procedural default.

Underlying Petitioner claims of prosecutorial misconduct and ineffective assistance of counsel is his argument that his conviction on the money laundering-related counts cannot stand in light of the United States Supreme Court's decision in *Cuellar v. United States*, 553 U.S. 550 (2008). In *Cuellar*, the Supreme Court held that a money laundering conviction requires proof of purpose. Petitioner refers to the decisions of the United States Court of Appeals for the Sixth Circuit reversing the money laundering-related convictions of three of his co-defendants in light of *Cuellar*, *United States v. Dierker*, 417 Fed.Appx. 515, unpublished, 2011 WL 1211538 (6th Cir. April 1, 2011); *United States v. Faulkenberry*, 614 F.3d 573 (6th Cir. 2010); *United States v. Ayers*, 386 Fed.Appx. 558, unpublished, 2010 WL 2925939 (6th Cir. July 28, 2010), and characterizes his case is functionally identical to that of his co-defendants. Because the United States Court of Appeals for the Sixth Circuit reversed the money laundering-related convictions of his co-defendants, Petitioner contends, this Court must likewise reverse his convictions on those counts. *Objection*, ECF No. 1346, PageID# 27237-38. The Magistrate Judge noted that Petitioner was tried separately from his co-defendants on these charges, and reasoned that

Petitioner's *Motion for Judgment of Acquittal and for New Trial*, Case No. 2:06-cr-129, ECF No. 859, PageID# 16829, raised the dispositive issue considered in *Cuellar*, "*i.e.*, whether the government had established that an intent to disguise or conceal was a purpose of the transactions" at issue in the money laundering-related counts. The Magistrate Judge concluded that "the evidence presented against Petitioner was more than sufficient to establish that he acted with a purpose to conceal the nature of the proceeds involved." *Report and Recommendation*, ECF No. 1341, PageID# 27866-77 (citing 18 U.S.C. § 1956(a)(1)(B)(i)).

Petitioner complains that that the Magistrate Judge failed to refer to any record evidence providing a factual basis for that conclusion. *Objection*, ECF No. 1346, PageID# 27238-39. He also argues that, had his attorneys expressly referred to *Cuellar*, the government may well have dismissed the money laundering-related charges against him or the Sixth Circuit may have reversed his money-laundering convictions, as it did in his co-defendants' cases. *Id.* at PageID# 27243. Petitioner argues that, in failing to expressly refer to *Cuellar*, his attorneys failed in their duty to familiarize themselves with a critical development in the law and thereby failed to assert a dispositive and meritorious defense. *Id.* at PageID# 27246. Petitioner also objects to the Magistrate Judge's suggestion that counsel may have been engaged in a reasonable strategic decision. *Id.* He refers to the submission of *Supplemental Authority* on appeal as evidence that defense counsel only belatedly realized the significance of *Cuellar*. *Id.* at PageID# 27246-47.

As noted by the Magistrate Judge, the trial of Petitioner's co-defendants concluded months before *Cuellar* was decided and Petitioner's separate trial in the Securities Case began months after *Cuellar* was decided. This Court also agrees that Petitioner's defense counsel raised the dispositive issue considered in *Cuellar* in his *Motion for Judgment of Acquittal and for New Trial*, 2:06-cr-129, ECF No. 859, but that this Court rejected that argument. *Order*, 2:06-cr-

5

129, ECF No. 990, PageID# 22154-56. Under these circumstances, this Court is not persuaded that Petitioner's attorneys were unaware of *Cuellar* or that the prosecution would have abandoned the money laundering-related charges asserted against Petitioner if only his attorneys had expressly referred to *Cuellar*. Under these circumstances, Petitioner cannot establish either that his counsel wee constitutionally deficient or that he was prejudiced by his counsel's conduct in this regard. *See Strickland v. Washington*, 466 U.S. 668 (1984).

Petitioner's argument to the contrary notwithstanding, this Court has summarized in detail the evidence supporting Petitioner's money laundering-related convictions, including evidence relating to the complexity of the transactions and the extraordinary efforts made by Petitioner to conceal what was done with investors' money. *See Order*, 2:06-cr-129, ECF No. 990. As this Court held, the evidence presented at Petitioner's trial was sufficient to support his conviction on the money laundering-related charges. Under these circumstances, the Court will not further address the manner in which the evidence presented at Petitioner's trial differed from that of his co-defendants.

In short, Petitioner's objections to the *Report and Recommendation* are without merit.[1]

Petitioner asks that an evidentiary hearing be held on his claims. A hearing is not required in cases under 28 U.S.C. § 2255(b) where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Such are the circumstances here.

---

[1] Petitioner's objections also appear to raise a new claim, *i.e.*, a challenge to the sufficiency of *Superseding Indictment*, and again challenges the jury instructions. *Objection*, ECF No. 1346, PageID# 27240-41. The Court will not entertain a claim raised for the first time in objections to a report and recommendation and Petitioner's challenge to the jury instructions was previously dismissed as time-barred. *See Report and Recommendation*, ECF 1319, PageID# 27025-28; *Opinion and Order*, ECF No. 1333.

Petitioner's *Objection,* ECF No. 1346, is **OVERRULED.** The *Report and Recommendation,* ECF No. 1341, is **ADOPTED** and **AFFIRMED.** Petitioner's renewed requests to conduct discovery, for an evidentiary hearing and for oral argument are **DENIED.**

These actions are hereby **DISMISSED.** The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in these cases.

ALGENON L. MARBLEY
United States District Judge